UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALLAN GRACE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 13-02847-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 30, 2013, Brian Allan Grace ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on September 4, 2013. On December 19, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50-year-old male who applied for Social Security Disability Insurance benefits on December 29, 2009, alleging disability commencing on April 30, 2009. (AR 17.) Plaintiff later amended his claim to a closed period of disability, beginning on August 9, 2009 and concluding on November 1, 2010. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity during the closed period of disability. (AR 19.)

Plaintiff's claim was denied initially on June 8, 2010. (AR 17.) Plaintiff then sought review and on July 28, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Lawrence D. Wheeler in West Los Angeles, California. (AR 17.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 17.) Vocational expert ("VE") June C. Hagen, Ph.D. also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on August 8, 2011. (AR 17-29.) The Appeals Council denied review on February 19, 2013. (AR 1-5.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

    1.    Whether the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence.

    2.    Whether the ALJ's credibility analysis is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the closed period of disability, from August 9, 2009 until November 1, 2010. (AR 19.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post 2 arthroscopic surgeries to the right knee. (AR 19-22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22-23.)

The ALJ then found that, during the closed period of disability, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff would be required to alternate between sitting and standing at 30 minute intervals and he would be precluded from foot control operations with the right foot. (AR 23-27.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 24.)

At step four, the ALJ found that, during the closed period of disability, Claimant was able to perform past relevant work as a machinery and equipment leasing manager as actually performed. (AR 27-29.) The ALJ also made an alternative step five finding that based upon Claimant's age, education and work experience, Plaintiff retained the RFC to perform a significant number of jobs in the national economy, such as parking lot attendant and cashier. (AR 28-29.)

Consequently, the ALJ determined that Claimant was not disabled within the meaning of the Social Security Act from August 9, 2009, through November 1, 2010, the amended closed disability period. (AR 29.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's credibility.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ improperly rejected the opinions of his treating physicians. The Court disagrees.

**A.      Relevant Federal Law On Medical Evidence**

Plaintiff challenges the ALJ's RFC because it does not preclude all work. A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical

records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff Brian Alan Grace alleges disability because of a broken right knee cap suffered in 2008 resulting from a fall at work. (AR 20, 23.) He underwent arthroscopic surgery in February 2008 (AR 24) but returned to work on September 8, 2008. (AR 20.) The pain persisted, however, and he underwent a second arthroscopic surgery in August 2010. (AR 24, 25.) He returned to work on November 2, 2010 as an MTA bus driver, a job he had begun in 2002 but stopped in 2009 due to his right knee pain. (AR 23-24.) Thus, Plaintiff seeks a closed period of disability from August 9, 2009 to November 1, 2010. (AR 17.)

Plaintiff's workers' compensation treating orthopedists, Dr. Larsen and Dr. Herring, opined that Plaintiff was "temporarily totally disabled" ("TTD") during the closed disability period. Plaintiff contends that these opinions preclude all work and that the ALJ erred by giving "minimal weight" to these opinions. (AR 27.) The Court disagrees.

1.     Relevant Federal Law On
Workers' Compensation Disability Opinions

Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act and the terms of art used in California workers' compensation proceedings are not equivalent to Social Security disability terminology. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Macri v. Chater, 93 F.3d 530, 544 (9th Cir. 1996); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002); see also 20 C.F.R. § 404.1504. Under California workers' compensation guidelines, work capacity is not based on strength but on whether a claimant sits, stands or walks most of the day. Desrosiers, 846 F.2d at 576; Booth, 181 F. Supp. 2d at 1104-05. The categories of work under the Social Security Act "are measured quite differently. They are differentiated primarily in step increases in lifting capacities." Desrosiers, 846 F.2d at 576. Also, under state law a

claimant is disabled if unable to perform his or her prior work whereas a claimant for Social Security benefits is not disabled if he or she can do alternate work in the national economy, which obviously is a higher burden. Coria v. Heckler, 750 F.2d 245, 247 (C.A.N.J. 1984); Silva v. Colvin, 2013 WL 6859263*5 (C.D. Cal.). The ALJ fully explained this latter distinction in his decision here. (AR 27.)

Nonetheless, an ALJ may not ignore a physician's medical opinion from a workers' compensation proceeding. Booth, 181 F. Supp. 2d at 1105. The ALJ must "translate" terms of art contained in workers' compensation medical reports and opinions into corresponding Social Security terminology in order to assess that evidence for Social Security disability purposes. Id. at 1106. The ALJ need not be concerned with a physician's conclusions as to disability for workers' compensation purposes but cannot disregard a physician's findings, Coria, 750 F.2d at 247-48, and is "entitled to draw inferences logically flowing from the evidence." Id.

### 2, The ALJ Properly Considered The Medical Evidence

Plaintiff offers little to no analysis of the medical evidence in accordance with the legal authority summarized above. He claims in conclusory fashion that the TTD opinions preclude all work activity, citing only Desrosiers which quite to the contrary made clear workers' compensation disability conclusions are not controlling.

The ALJ made clear that he gave minimal weight to Plaintiff's workers' compensation treating physicians because the medical evidence does not support a conclusion that Plaintiff is unable to sustain any competitive work. (AR 25, 27.) The ALJ agreed that the medical evidence demonstrates that Plaintiff's right knee impairment would result in some physical pain and restriction of daily functioning and that the treating source evidence confirms complaints of persistent pain. (AR 25.) The ALJ, however, found that the medical evidence of record does not indicate a medical need for a cane or other assistive device throughout the closed disability period, nor was there any indication of a medical necessity to keep the right leg (or both legs) elevated. (AR 25.) The ALJ also found that there was no clinical or objective evidence that Claimant was unable to ambulate effectively. (AR 22-23.) Plaintiff challenges the ALJ's finding that the medical evidence indicates pain in the right knee but it is not work-preclusive (AR 25)

based on the TTD opinions of Dr. Larsen and Dr. Herring. Dr. Larsen, however, repeatedly found normal or nearly normal range of motion and no instability in the knee, during the closed disability period. (AR 414, 282, 286, 290, 295.) Dr. Herring found full extension and flexion and only mild swelling in August 2009. (AR 343.) The fact that both of these physicians found Plaintiff temporarily totally disabled in these same treatment notes highlights the differing legal standards for disability under state and federal law. The ALJ also relied on the consulting orthopedic opinion of Dr. William Boeck who evaluated Plaintiff's impairment under Social Security disability standards. (AR 25.) Dr. Boeck found Plaintiff walked with a slight limp (AR 213), could reach the floor with his finger tips (AR 214), readily comes to a seated position (AR 214) and straight leg raising was negative. (AR 215.) He also found limitations of motion in the right knee and tenderness to palpation in the patella and joint line but no ligamentous laxity, no swelling and no weakness in lower extremity muscle groups. (AR 215-216.) Based on these findings, Dr. Boeck assessed Plaintiff with a medium work RFC with limitations in sitting, standing and walking of 6 hours out of an 8 hour day with postural restrictions. (AR 26, 216.) Crediting the treating source medical evidence somewhat (which demonstrates that consideration was given to the findings of Dr. Larsen and Dr. Herring), the ALJ reduced Plaintiff's RFC to light work. (AR 26.)

      Plaintiff attacks the ALJ's reliance on Dr. Boeck in view of the preferences usually given to treating physicians, but in truth Dr. Larsen and Dr. Herring never addressed whether Plaintiff was precluded from all work. Their state law TTD opinions only needed to consider whether Plaintiff was able to return to his past work as a bus driver. (AR 27.) There is in fact no conflict between their opinions and Dr. Boeck's opinion. Dr. Larsen and Dr. Herring made findings sufficient to establish disability under laxer state workers' compensation standards but the ALJ determined that their findings would not be sufficient to preclude all work under Social Security standards. (AR 25, 27.) The ALJ and Dr. Boeck found Plaintiff could perform work other than his bus driver job, pursuant to Social Security legal standards which Dr. Larsen and Dr. Herring did not address.

Additionally, an ALJ's RFC must consider all of the relevant evidence, including a claimant's own testimony. Robbins, 446 F.3d at 883; SSR 96-5p; 20 C.F.R. § 1527(e). Here, Plaintiff admitted he could perform the parking lot job if permitted to alternate between sitting and standing which the ALJ's RFC specifies. (AR 24, 45-48.) Plaintiff tries to dismiss Plaintiff's statement as "speculative" but Plaintiff's self-assessment plainly is relevant evidence that must be considered in determining his RFC.

Plaintiff also does not address the ALJ's vocational findings. The VE testified that Plaintiff could perform his prior work as a manager of machinery and equipment leasing (DOT 185.167-026) because, as actually performed, it was sedentary and he could sit or stand if needed. (AR 27-28, 55.) The VE also testified that, alternatively, there were other jobs in the national economy that Plaintiff could perform, such as a parking lot attendant and a cashier even as properly eroded for the sit/stand option. (AR 28-29, 58-59.) Again, Plaintiff himself thought he could do the parking lot attendant job if he was permitted to alternate between sitting and standing which the ALJ's RFC specifies. (AR 24, 45-48.) Dr. Larsen and Dr. Herring did not opine that all work was precluded and in any event the ALJ determined that neither their findings nor the medical evidence of record support such a conclusion.

Plaintiff challenges the ALJ's determination to give minimal weight to the TTD opinions and findings of Dr. Larsen and Dr. Herring but it is the ALJ who has the responsibility for resolving conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff contends the ALJ's adverse credibility determination lacks substantial evidence. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be

expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairments could be expected to cause his alleged symptoms. (AR 24.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC. (AR 24.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Claimant's allegations of pain and functional limitations are inconsistent with the objective and clinical medicine, as already discussed. (AR 25.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Dr. Boeck's RFC does not preclude all work. (AR 25-26.) The ALJ found that Plaintiff presented with a cane but

was able to ambulate effectively without one, and there was no medical need for one, during the closed disability period. (AR 22-23, 25.) The ALJ found no medical evidence to keep his leg elevated. (AR 25, 45-48.)

Second, there were inconsistent statements and conduct by Plaintiff which also can be a valid basis for discounting credibility. Light v. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997). Here, Plaintiff admitted he could do the sedentary job of parking lot attendant if permitted to alternate between sitting and standing. (AR 24, 25-48) The ALJ also found inconsistency in Plaintiff's statements denying any medication use yet listing Norco and anti-inflammatory medications in his reports to the State agency. (AR 25.) Claimant does not address this latter inconsistency even though the ALJ found it undermined his credibility. (AR 25.)

Third, the ALJ found Claimant's daily activities inconsistent with a work-precluding impairment. This is a legitimate basis for discounting a plaintiff's credibility. Bunnell, 947 F.2d at 345-46. The ALJ found that Plaintiff could ambulate effectively, leave the house by himself, drive, go shopping for groceries and sustain other daily tasks. (AR 22-23.) He also would go out to dinner and sometimes drive himself to a doctor's appointment. (AR 24.) Despite allegations of marked limitations in daily functioning, Claimant admitted he remains able to leave the house without assistance, maintain self-care, drive, go shopping with his wife. (AR 25.) Plaintiff contends that these activities are not sufficient evidence that he can work but again the ALJ is the one responsible for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857. Even if the ALJ's daily activities evidence is not sufficient to prove Claimant can work, that evidence suggests that the alleged severity of his limitation was exaggerated. See Valentine v. Commissioner, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ properly considered the medical evidence and properly gave minimal weight to the TTD opinions of Dr. Larsen and Dr. Herring. The ALJ properly discounted Plaintiff's subjective symptoms.

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: January 10 , 2014               */s/ John E. McDermott*
                                       JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE